Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2227 | **DATE** | 3/15/2002 |
| **CASE TITLE** | Patricia Rogers vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant City of Chicago's Bill of Costs is GRANTED IN PART. Defendant is awarded costs of $5,473.55.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 3-18-02 date docketed | 80 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA ROGERS,

    Plaintiff,

v.

CITY OF CHICAGO,

    Defendant.

Case No. 00 C 2227

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Bill of Costs which it timely filed after this Court granted summary judgment in favor of the City of Chicago. Defendant City of Chicago requests that Plaintiff be taxed $19,364.99 in costs pursuant to 28 U.S.C. § 1920; FED. R. CIV. P. 54(d); and Local Rule 54.1. Plaintiff raises numerous objections to all of the items claimed in Defendant's Bill of Costs.

### DISCUSSION

FED. R. CIV. P. 54(d) provides, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920 specifies the costs that may be recovered pursuant to Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). The costs explicitly allowed by § 1920 are: (1) fees of the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily



obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters.

Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Coyne-Delany Co., Inc. v. Capital Development Bd.*, 717 F.2d 219, 222 (7th Cir. 1988). However, district courts possess wide discretion in determining whether expenses claimed by the prevailing party are actually taxable as costs. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). This Court must review a prevailing party's bill of costs in scrupulous detail. As the Supreme Court has explained, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). Thus, Defendant City of Chicago is entitled to recover costs only if (1) the expenses are allowable under § 1920, and (2) the expenses are reasonable, both in amount and necessity to the litigation. *Deimer*, 58 F.3d at 345.

Defendant seeks recovery for the following in its Bill of Costs: (1) $8,963.55 for transcript fees; (2) $3,002.00 for copies of papers necessarily obtained for use in the case; (3) $7,225.56 for computerized legal research expenses; and (4) $173.88 for Federal Express and courier charges. Plaintiff raises objections

to all of the costs claimed by Defendant. The Court will review each of the claimed costs in turn.

I. **Computerized Legal Research Costs**

Defendant seeks to recover $7,225.56 for computerized legal research costs. Although district courts have divided on this issue, the Seventh Circuit continues to view such costs as "more akin to awards under attorney's fees provisions" and does not allow Westlaw and Lexis charges to be recovered as "costs" under 28 U.S.C. § 1920. *Haroco, Inc. v. American Nat'l. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1440 (7th Cir. 1994). Defendant is therefor not allowed to recover these costs from Plaintiff.

II. **Courier and Federal Express Charges**

Defendant next seeks to recover $173.88 for courier and Federal Express charges incurred in the course of the litigation. Section 1920 does not provide for taxing courier costs and recovery of such costs has been generally disallowed "on the grounds that such expenses are generally considered overhead, or part of the cost of operating a law firm." *See Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994). Defendant is not allowed to tax these costs to Plaintiff.

III. **Fees for Transcripts**

Defendant requests that Plaintiff be taxed $8,963.55 for transcripts of proceedings and deposition obtained for use in the case. Each proceeding for which recovery of transcription costs is sought will be addressed in turn.

### A. Transcripts of Proceedings Before the Court

Defendant seeks $24.00 for an expedited 6 page transcript of proceedings before the Court on September 29, 2000; $32.00 for an expedited 8 page transcript of proceedings before the Court on February 20, 2001; $8.00 for a copy of an 8 page daily transcript of proceedings before the Court on March 6, 2001; and $12 for an expedited 3 page transcript of proceedings before the Court on April 11, 2001. The Court finds these costs to be reasonable and necessary and in compliance with the rate established by the Judicial Conference. Taxing of these costs to Plaintiff is allowed.

### B. Draper-Sibley Deposition Transcript

Defendant seeks $619.50 for a 295-page copy of the transcript of the Draper-Sibley deposition. The copy rate established by the Judicial Conference for a regular copy is $0.75 per page. VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS MANUAL Ch. 20 (1998) ("COURT REPORTERS MANUAL"). *See also Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998)(holding that Judicial Conference rates apply to deposition charges by private court reporters). Defendant is therefore entitled to only $221.25 for the transcript copy. Defendant also seeks $25.00 for the cost of a condensed copy of the transcript and a keyword index. According to the Judicial Conference guidelines, no charge is permitted in addition to the normal page rates for keyword indexing services. *See* COURT REPORTERS

MANUAL Ch. 20, pt. 20.9.5. Additionally, the maximum per page rate for condensed copies of a transcript is the same as that for a full-size transcript. Since Defendant has not provided the Court with any information regarding the page count of the condensed copy, there is no way to determine if the cost charged is within the permissible range. The $25.00 charge for a condensed copy and index is therefore denied.

Defendant next seeks $42.00 for exhibits, $5.00 for delivery charges and $20.00 for an ASCII disk presumably containing a copy of the transcript. Under the Judicial Conference guidelines, postage costs are considered an ordinary business expense and may not be charged in relation to obtaining transcripts. COURT REPORTERS MANUAL Ch. 20, pt. 20.9.4. Defendant is also not entitled to recover charges for ASCII diskettes of deposition transcripts, which are merely for the attorney's convenience and not necessary to litigating the case. *Jones v. Bd. of Trustees of Community College Dist. No. 508*, 197 F.R.D. 363, 364 (N.D. Ill. 2000); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 946 (7th Cir. 1997).

Costs for enlargements and exhibits are recoverable when they are an essential aid to understanding an issue in the case. *See e.g. Board of Trustees v. Underwood Neuhaus Company, Inc.*, 1995 WL 38964, *2 (N.D. Ill. 1982)(holding that the costs for enlargement of exhibits were taxable because the exhibits were necessary to aid the jury in understanding complex securities issues and

- 5 -

calculations). There is nothing before the Court to indicate such an essential need in this case. This cost is also denied as unnecessary.

### C. Schrager Deposition Transcript

Defendant seeks to recover $474.60 for the cost of one copy of the Schrager deposition, along with $10.00 for a condensed copy of the transcript, $27.00 for exhibit copies and $50.00 in delivery charges. Defendant provides the Court with no indication of the page count for either the regular or condensed copy of the transcript, thereby depriving the Court of any basis for determining if the charge was within the Judicial Conference guidelines. Defendant has also failed to provide any reason for the necessity of exhibit copies of this deposition. As stated above, recovery of delivery costs is not allowed. Accordingly, Defendant is not entitled to recover any costs related to this deposition.

### D. Kelenyi Deposition Transcript

Defendant seeks to recover $501.90 for a regular copy of a 239-page transcript of Robert Kelenyi's deposition. At the established rate of $0.75 per page, Defendant is entitled to recover $179.25. Defendant also seeks $25.00 for a condensed copy of the transcript, $20.00 for an ASCII diskette and $5.00 for delivery charges. For the reasons stated above in the discussion of the Draper-Sibley deposition, Defendant's request for these costs is denied.

**E.   Patricia Rogers Deposition Transcript and Videotape**

Defendant is correct in asserting that under the amended Rule 30(b)(4), the costs of both a stenographic transcript and videotape of a deposition may be taxed against a party. *Jacobs v. Univ. of Wisconsin Hosp. and Clinics Auth.*, 12 Fed. Appx. 386, 390 (7th Cir. 2001). However, Defendant is still allowed to recover only those costs which were reasonable and necessary. Defendant provides no explanation as to why it was necessary to videotape the Rogers deposition in addition to obtaining a stenographic transcript (such as the witnesses anticipated unavailability for trial). Defendant's request for $1,242.00 in costs resulting from videotaping the deposition is therefore denied.

For the stenographic transcripts of the 536 page Rogers deposition, Defendant requests a total of $2,163.60. This amount includes $432.00 in stenographer appearance fees and $70.00 for ASCII disks and condensed transcripts. The Judicial Conference rate allowed for original deposition transcripts is $3.00 per page. This fee covers *all costs* of transcript production. COURT REPORTERS MANUAL Ch. 20, pt. 20.8. Accordingly, Defendant is entitled to recover $1,608.00 for the transcript, but is not allowed to tax any stenographer appearance fees. For the reasons already stated above, Defendant's request to tax the costs of ASCII disks and condensed copies of the transcript is also denied.

### F. Kelly Deposition Transcript

Defendants next seeks to recover $1,016.75 in costs for one original and one copy of the 245 page Kelly deposition transcript, along with a $252.00 stenographer appearance fee and $35.00 for an ASCII diskette and condensed copy of the transcript. At the established rate, Defendant is entitled to $735.00 for the original transcript and $183.75 for the copy. For the reasons already stated above, Defendant's requests to recover the appearance fee, ASCII fee, and condensed copy costs are all denied.

### G. Byrne and Woods Deposition Transcripts

Defendant next seeks to recover a total of $508.70 for expedited copies of transcripts of the Byrne and Woods depositions and associated expenses. At the established rate of $0.75 per page, Defendant is entitled to recover $135.00 for copies of these transcripts. For the reasons already stated above, Defendant's requests to tax the costs of exhibit reproduction, an ASCII diskette, a condensed transcript, and delivery charges are all denied.

### H. Second Kelenyi Deposition Transcript

Defendant asks for $177.00 for a copy of 80 pages of the Kelenyi deposition transcript. At $0.75 per page, Defendant's recovery is limited to $60.00. For the reasons stated above, recovery of delivery costs is denied.

### I. Steward Deposition Transcript

Defendant requests the following fees relating to the Steward deposition: $905.20 for a 292-page transcript; $252.00 for a stenographer appearance fee and $35.00 for an ASCII disk and condensed transcript. At $3.00 per page, Defendant may recover $876.00 for the deposition transcript. For the reasons already stated above, recovery of the other costs relating to this deposition is denied.

### J. Second Steward Deposition Transcript

Defendant seeks $350.30 for a 113-page transcript of the second Steward deposition. At 3.00 per page, Defendant is entitled to $339.00. For the reasons stated above, recovery of the appearance fee and ASCII disk/condensed transcript costs is denied.

The total amount Defendant is allowed to recovery for deposition and other transcripts is $4,413.25.

### IV. Copying Fees

Finally, Defendant requests recovery of $3,002.00 for in-house copying costs. Defendant is entitled to recover the costs for making necessary copies of necessary documents. Extra copies of filed papers are not necessary, but are for the convenience of the attorneys, and the cost of extra copies is not taxable. *Haroco, Inc. v. American Nat. Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994). As a preliminary manner, Plaintiff objects to the charge of $0.20 per page and suggests that $0.10 per page is a reasonable charge. The Court agrees that $0.20 is too high for

in-house charges. The Seventh Circuit has clearly stated that charges for in-house reproduction may not exceed the charges of an outside print shop. *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991). Per page charges exceeding those of outside print shops for standard copying are allowed only when a party presents the court with an explanation as to why such charges are appropriate. *See Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir. 2001) (affirming a district court's award of $0.15 per page for in-house copying when the defendant provided several reasons for why that charge was appropriate). As with so many of the other items listed in the Bill of Costs, Defendant has provided absolutely no factual basis to support why a $0.20 per page charge is reasonable or appropriate. The Court notes that local print shops charge $0.09 to $0.10 per page for standard photocopying and finds that $0.10 per page is a reasonable charge for in-house copying.

Defendant's motion in support of its Bill of Costs claims approximately 15,000 pages of photocopied materials for which it seeks reimbursement. Copying documents for production in discovery is clearly necessary and recoverable. For documents filed with the court, only copies for the court and one copy for opposing counsel are necessary. The cost of additional copies made for the convenience of counsel is not recoverable. Discovery requests and responses are original documents. Copying costs for these items will only be allowed for the extra copies made of such documents

during the period that Plaintiff was represented by two separate law offices. Accordingly, Defendant is allowed to recover the following copying expenses:

|                                              | No. Pages | Rate   | Total                                  |
|----------------------------------------------|-----------|--------|----------------------------------------|
| Copies of Court Documents                    | 4,749     | $0.10  | $   474.90                             |
| Documents Produced to Plaintiff              | 11,110    | $0.10  | $1,110.00<br>-  530.80 (pd)<br>580.20  |
| Copies of Discovery Requests and Objections  | 52        | $0.10  | 5.20                                   |
| Total Recoverable Costs                      |           |        | $1,060.30                              |

V.  **Summary**

Based on the standards and computations set forth above, Defendant is hereby awarded the following costs: (1) $4,413.25 in transcript fees; and (2) $1,060.30 for photocopying costs.

### CONCLUSION

Defendant City of Chicago's Bill of Costs is GRANTED IN PART. Defendant is awarded costs of $5,473.55.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: March 15, 2002

- 11 -